IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30100
Summary Calendar

_____

GARY D. MIDDLEBROOKS; KATHY MIDDLEBROOKS;
ERIC D. MIDDLEBROOKS; ZACHARY D. MCVAY;
DAVID T. LEE; LOGAN M. LEE,

                                        Plaintiffs-Appellants,

versus

AMSOUTH BANK; BLUE CROSS AND BLUE SHIELD OF ALABAMA,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-955
--------------------
July 17, 2002

Before JOLLY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:*

      Plaintiffs appeal the district court's grant of summary

judgment in their action for damages arising under the

Comprehensive Omnibus Budget Reconciliation Act of 1986

("COBRA"), 29 U.S.C. §§ 1161-1168.  Plaintiffs alleged that

AmSouth Bank failed to send a notice of COBRA coverage when its

employment of Kathy Middlebrooks ("Middlebrooks") ended.  They

_____

      * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

argue on appeal that the defendants' summary judgment evidence was incompetent because 1) AmSouth's business records purporting to show that a COBRA notice was mailed to Middlebrooks did not comply with FED. R. EVID. 803(6), and 2) a declaration from AmSouth's Vice-President of Benefits, Christopher Glaub, described AmSouth's notice procedures in place beginning in July 2000 but failed to establish what procedures, if any, were followed at the time Middlebrooks' employment ended.

Plaintiffs failed to object in the district court to the admission of AmSouth's business records.  We conclude from the record that it was not plain error for the district court to consider these records.  See Rushing v. Kansas City S. Ry. Co., 185 F.3d 496, 506 (5th Cir. 1999); Rosenberg v. Collins, 624 F.2d 659, 665 (5th Cir. 1980); see also Rule 803(6).  We also conclude that there was no manifest error in the district court's admission of Glaub's declaration.  See Berry v. Armstrong Rubber Co., 989 F.2d 822, 824 (5th Cir. 1993).

AFFIRMED.